# United States Court of Appeals

## For the Eighth Circuit

_____

No. 22-2379
_____

Tsatsral Bekhbat; Orgilbold Uranchimeg

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: February 17, 2023
Filed: July 27, 2023
_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.
_____

SMITH, Chief Judge.

Petitioners Tsatsral Bekhbat and Orgilbold Uranchimeg (collectively, "petitioners") petition for review of the Board of Immigration Appeals's (Board) June 17, 2022 decision denying their motion for reconsideration of the Board's July 29, 2021 decision. In the July 29, 2021 decision, the Board granted the Department of Homeland Security's (DHS) motion to reinstate the petitioners' removal proceedings

and reissued the Board's prior October 15, 2013 decision, which dismissed the petitioners' appeal of a decision denying their applications for asylum and related protection. For the reasons stated herein, we deny the petition for review.

## I. *Background*

The petitioners are natives and citizens of Mongolia. They were married in 2001. Uranchimeg entered the United States on December 30, 2001, as a nonimmigrant exchange visitor with authorization to remain in the United States until June 20, 2002. He failed to depart as required. Bekhbat entered the United States on June 2, 2004, on a student visa. She failed to attend university as her visa required.

On September 28, 2009, the petitioners applied for asylum. On November 24, 2009, the U.S. Citizenship and Immigration Services United States Asylum Office denied their application. On January 4, 2010, DHS issued a Notice to Appear (NTA), charging Bekhbat with removability under 8 U.S.C. § 1227(a)(1)(C)(i), for failure to maintain or comply with conditions of her nonimmigrant status, and Uranchimeg under 8 U.S.C. § 1227(a)(1)(B), for overstaying his visa. In removal proceedings, the petitioners admitted the NTA's factual allegations and conceded removability as charged.

On February 9, 2012, the immigration judge (IJ) found the petitioners removable as charged and designated Mongolia as the country of removal. It also denied the petitioners' renewed requests for asylum, withholding of removal, and for relief under the Convention Against Torture (CAT). But the IJ did order that the petitioners "be granted voluntary departure, without expense to the Government, if they depart the United States by April 9, 2012." A.R. at 183–84. In granting voluntary departure, the IJ warned, "If a [petitioner] files a Motion to Reopen or Reconsider, prior to the expiration of the voluntary departure period that has been given to that [petitioner], the voluntary departure period is automatically terminated, and the

Appellate Case: 22-2379    Page: 2    Date Filed: 07/27/2023 Entry ID: 5300068

alternate order of removal will take effect immediately as to that [petitioner]." *Id.* at 183.

The petitioners timely appealed to the Board. On October 15, 2013, the Board dismissed the petitioners' appeal of the IJ's February 9, 2012 decision. Though it dismissed the appeal, the Board permitted the petitioners "to voluntarily depart the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the Department of Homeland Security." *Id.* at 104. But, just as the IJ had done, the Board issued the following:

> WARNING: If the respondents file a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply. *See* 8 C.F.R. § 1240.26(e)(1).

*Id.* at 105.

The petitioners filed a timely petition for review with this court. *See Bekhbat v. Holder*, 13-3484.

On April 11, 2014, DHS filed an unopposed motion for remand to the Board. The motion stated that DHS "in the exercise of its prosecutorial discretion, determined that the proper outcome in the instant case is remand to the Board . . . for administrative closure." A.R. at 97 (citing *Matter of Avetisyan*, 25 I. & N. Dec. 688, 692 (BIA 2012) (noting that the procedure of administrative closure is available to the Board)). This court granted the motion and "remanded to the Board of Immigration Appeals for further proceedings in accordance with the motion." *Id.* at 95.

-3-

On July 28, 2014, the Board issued an order of administrative closure.

On September 16, 2020, DHS moved the Board to reinstate the removal proceedings. It requested "that a decision be issued indicating that the [petitioners] are ordered removed pursuant to the prior Board decision dismissing the [petitioners'] appeal on the merits." *Id.* at 74. The petitioners filed a motion to dismiss DHS's motion to reinstate or, in the alternative, opposition to the motion to reinstate. They argued that DHS's motion was unsubstantiated, procedurally deficient, and violated the petitioners' due process rights.

On July 29, 2021, the Board granted DHS's motion, reinstating the removal proceedings and reissuing its prior decision dated October 15, 2013. The Board first acknowledged that, during the pendency of DHS's motion, the Attorney General, in *Matter of Cruz-Valdez*, 28 I. & N. Dec. 326, 329 (A.G. 2021), overruled *Matter of Castro-Tum*, 27 I. & N. Dec. 271 (A.G. 2018), and held that the proper standard for administrative closure was set forth in *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012), and *Matter of W-Y-U-*, 27 I. & N. Dec. 17 (BIA 2017). The Board "therefore adjudicate[d] the motion pursuant to the Attorney General's recent decision." A.R. at 46.

In *Avetisyan*, the Board set forth a non-exclusive list of factors for the Board to consider when determining whether to administratively close a case, "including the basis for any opposition to administrative closure and the likelihood the respondent will succeed on any petition, application, or other action he or she is pursuing outside of removal proceedings." *Id.* In *W-Y-U-*, the Board "clarified that the primary consideration for an Immigration Judge in evaluating whether to administratively close or re-calendar proceedings is whether the party opposing administrative closure has provided a persuasive reason for the case to proceed and be resolved on the merits." *Id.* at 47. The *Avetisyan* factors are also used for evaluation of motions to reinstate. *W-Y-U-*, 27 I. & N. Dec. at 20 n.4.

-4-

The petitioners argued that DHS did "not adequately identif[y] its reason for requesting reinstatement." A.R. at 47. The Board rejected this argument, explaining that "administrative closure is not a form of relief[,] and either party may move to reinstate proceedings at any time." *Id.* (citing *Avetisyan*, 25 I. & N. Dec. at 695). The Board noted the undisputed facts that the petitioners "lack[ed] any petition, application for relief, or other action outside of removal proceedings." *Id.* The Board granted DHS's motion, acknowledging that "prosecutorial discretion is a matter within the exclusive jurisdiction of the DHS." *Id.*

The Board also rejected the petitioners' argument that "the Board should deny the motion for failure to adequately identify a basis pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A)." *Id.* The Board explained that the regulation "pertains to appeals, rather than motions." *Id.* The Board disagreed with the petitioners' argument that it should deny DHS's motion because the motion fails to comply with the requirements of motions to recalendar or other motions before the Board. The Board concluded that it "may entertain motions as appropriate to the facts and law of each particular case." *Id.* The Board further determined that DHS sufficiently captioned the motion as a motion to reinstate and adequately identified the remedies sought—reinstatement of proceedings, and reissuance of a prior order.

The Board determined that no legal provision prohibited it from reinstating proceedings and reissuing a previously issued decision. To the contrary, it reasoned that "[t]he regulations provide the Board with the discretionary authority to reopen any case in which we have made a decision, which would include reopening for the purpose of reissuing a decision." *Id.* (citing 8 C.F.R. § 1003.2(a)).

Finally, the Board rejected the petitioners' argument "that granting the DHS's motion would result in a due process violation." *Id.* Under *Avetisyan*, the Board explained, "either party may move to reinstate proceedings before the Board at any time after administrative closure." *Id.* This meant that "either party was allowed [to]

-5-

move to reinstate proceedings before the Board, as stated in the Board's July 28, 2014, decision." *Id.* The Board further "observe[d] that administrative closure has been considered a temporary action with limited duration." *Id.* The Board concluded that the petitioners' "general argument" "that this matter could be affected by subsequent asylum case law" was "insufficient to establish a due process violation." *Id.*

The Board's decision entered "the following orders":

> ORDER: The DHS's motion to reinstate is granted and the proceedings are reinstated.

> FURTHER ORDER: The Board's decision dated October 15, 2013, attached hereto, is hereby reissued and shall be treated as entered as of today's date.

*Id.* at 48.

Although the Board expressly stated in the decision that its prior "decision dated October 15, 2013, [was] attached hereto," *id.*, the Board mistakenly attached a copy of its July 28, 2014 decision granting administrative closure, *id.* at 49.

The petitioners did not file a petition for review with this court of the July 29, 2021 decision. Instead, they timely moved for reconsideration of the Board's July 29, 2021 decision. In recounting the procedural history of the case, the petitioners acknowledged that "on July 29, 2021, the Board granted the DHS motion, reinstated proceedings, and *reissued its 2013 decision*." *Id.* at 16 (emphasis added). They made two arguments in support of their motion for reconsideration. First, the petitioners argued that the Board failed to properly apply *Cruz* and *Avetisyan*—"the relevant caselaw on administrative closure"—to the petitioners' case. *Id.* at 17 (bold omitted). The petitioners asserted that had the Board applied this caselaw, it should have granted their request to have their case "reconsidered and proceedings administratively

-6-

closed." *Id.* at 19. This result would follow, they contended, because their 18-year-old son, upon turning 21, would be able to submit a visa petition for his parents, making them "prima facie eligible for adjustment of status." *Id.* They also maintained that "application of the *Avetisyan* factors weigh[s] heavily in [the petitioners'] favor" based on their son's anticipated submission of a visa petition on their behalf upon turning 21. *Id.* at 20.

Second, they argued that if the Board reinstates its 2013 decision, it should also reinstate voluntary departure as no subsequent removal order has been entered against them since the time of the IJ's decision. The petitioners also requested a stay of removal. DHS opposed the motion.

On June 17, 2022, the Board denied the petitioners' motion for reconsideration and denied as moot their request for stay of removal. The Board noted that its July 29, 2021 decision granted DHS's "motion to reinstate proceedings and reissued the Board's prior October 15, 2013, order. The October 15, 2013, order dismissed [the petitioners'] appeal and reinstated a period of voluntary departure." *Id.* at 3. In a footnote, the Board acknowledged its "clerical error" in attaching "the wrong decision" to its July 29, 2021 decision. *Id.* at 3 n.1. Because "[n]either the [petitioners] nor DHS raised any arguments regarding this clerical error," the Board declined to "address it further." *Id.*

The Board denied the petitioners' motion for reconsideration for failure to "identify any legal or factual error demonstrating that reconsideration is warranted." *Id.* at 3 (citing 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *In re O-S-G-*, 24 I. & N. Dec. 56 (BIA 2006)). First, the Board rejected the petitioners' argument—made for the first time in the motion for reconsideration—that they are "eligible for administrative closure because their United States citizen son will be eligible to file an immediate relative visa petition on their behalf when he turns 21 years old in approximately 3 years." *Id.* The Board reasoned that the petitioners' "son

-7-

remains ineligible to file the petition and administrative closure is generally unwarranted to await an event or action that will not occur within a period of time that is reasonable under the circumstances." *Id.* at 4.

The Board then rejected the petitioners' argument that DHS failed to "identif[y] its reason for requesting reinstatement." *Id.* The Board "emphasize[d] that administrative closure is not a form of relief and either party may move to reinstate proceedings at any time." *Id.* (citing *Avetisyan*, 25 I. & N. Dec. at 695). Applying *Avetisyan*, the Board noted that the petitioners were "not currently awaiting the adjudication of any petition, application for relief, or other action outside of removal proceedings." *Id.* "Furthermore," the Board stated, the "proceedings were administratively closed in 2014 based on DHS'[s] exercise of prosecutorial discretion." *Id.* The Board "discern[ed] no error in [its] previous decision" "[g]iven that DHS requested to reinstate proceedings and prosecutorial discretion is a matter within the exclusive jurisdiction of DHS." *Id.*

Finally, the Board rejected the petitioners' argument "that reconsideration is warranted for further clarification of [its] July 29, 2021, decision." *Id.* The Board pointed out that "DHS'[s] motion [not only] requested reinstatement of the October 15, 2013, decision, but also requested that the Board order the [petitioners] removed 'pursuant to the prior Board decision.'" *Id.* Although the petitioners argued that the Board reconsider its prior decision "to clarify whether a period of voluntary departure was reinstated, rather than an order of removal," the Board concluded "that the October 15, 2013, decision was reissued, which reinstate[d] a period of voluntary departure." *Id.* In a footnote, the Board explained the effect of the petitioners' filing of a motion for reconsideration on their voluntary departure, stating, "The filing of the instant motion to reconsider prior to the expiration of the voluntary departure period automatically terminates the grant of voluntary departure." *Id.* at 4 n.2 (citing 8 C.F.R. § 1240.26(e)(1)).

-8-

## II. *Discussion*

This petition for review challenges the Board's June 17, 2022 denial of reconsideration of the Board's July 29, 2021 decision. In their brief, the petitioners ask this court to remand to the Board for clarification of "whether this case is to be administratively closed"—as the July 28, 2014 decision provides—"or whether it intends to order [them] removed or to voluntarily depart"—as the October 15, 2013 decision provides. Pet'rs' Br. at 14. The petitioners contend that the Board's July 29, 2021 decision reinstating the case also "reissued its prior decision [on July 28, 2014,] that had administratively closed the case—it didn't order removal." *Id.* They contend that the Board's action confused them, resulting in their motion for reconsideration. The Board denied the motion for reconsideration "now say[ing] that indeed the petitioners were ordered removed when the [Board] reissued its previous order, even though it reissued the wrong one." *Id.*

The government counters by arguing that the failure of the petitioners to appeal the July 29, 2021 decision that reinstated their removal proceedings dooms their current petition. The government notes that "a motion to reconsider does not toll the time for appeal of the underlying order." Resp't's Br. at 10. As a result, "the Court reviews only the June 17, 2022 order denying the subsequent motion to reconsider." *Id.* Thus, the government argues, this court may not review the underlying July 29, 2021 decision in which the Board granted DHS's motion to reinstate proceedings, reinstated the proceedings, and reissued its prior decision issued on October 15, 2013.

We agree with the government that our review is limited to only the June 17, 2022 decision denying the petitioners' motion for reconsideration. "A motion to reconsider addresses the merits of the [Board's] initial decision. . . . The filing of a motion to reconsider does not toll the time for appeal of the underlying order." *Rodriguez de Henriquez v. Barr*, 942 F.3d 444, 446 (8th Cir. 2019). Because the petitioners "did not file a timely petition for review of the final order [entered on July 29, 2021,] our jurisdiction is limited to reviewing the order denying their motion to

-9-

reconsider for abuse of discretion." *Id.* (citing *Boudaguian v. Ashcroft*, 376 F.3d 825, 827 (8th Cir. 2004)).

> In reviewing that order, we may consider the validity of the underlying . . . decision without exercising jurisdiction over that decision or considering it on the merits. The distinction is significant because the abuse of discretion standard is considerably more deferential. The [Board] does not abuse its discretion if it refuses to reconsider the very arguments it has already rejected. Rather, the [Board] abuses its discretion where it gives no rational explanation for its decision, departs from its established policies without explanation, relies on impermissible factors or legal error, or ignores or distorts the record evidence. Any other level of review would encourage aliens to improperly prolong the removal process by filing motions to reconsider, instead of petitioning for immediate judicial review of an initial adverse decision.

*Id.* at 446–47 (cleaned up).

"To satisfy the requirement to offer a rational explanation, the [Board] need not revisit in detail every issue raised concerning the original order." *Camacho v. Whitaker*, 910 F.3d 378, 381 (8th Cir. 2018) (internal quotation marks omitted). The Board need only "consider the issues raised and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Id.* (internal quotation marks omitted).

"Board reconsideration . . . [is] discretionary. By regulation . . . , '[t]he decision to grant or deny a motion to . . . reconsider is within the discretion of the Board.'" *Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1117 (2023) (fourth alteration in original) (quoting 8 C.F.R. § 1003.2(a)); *see also id.* ("[W]hether to grant the motion to reconsider, and thus proceed to . . . review, is up to the Board in its discretion.").

-10-

Motions for reconsideration "must 'specify the errors of law or fact in the previous order and . . . be supported by pertinent authority.'" *Arroyo v. Garland*, 994 F.3d 905, 912–13 (8th Cir. 2021) (alteration in original) (quoting 8 U.S.C. § 1229a(c)(6)(C)). "In general, motions for reconsideration cannot be based on newly raised but previously available arguments." *Id.* at 912. Thus, "arguments available prior to an IJ's ruling may [not] be raised for the first time in a motion to reconsider." *Id.* at 913 (citing *Matter of O-S-G*, 24 I. & N. Dec. 56, 58 (BIA 2006) ("A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied. . . . [T]he 'additional legal arguments' that may be raised in a motion to reconsider should flow from new law or a de novo legal determination reached by the Board in its decision that may not have been addressed by the parties.")).

The petitioners' motion for reconsideration raised two arguments concerning legal errors. First, the petitioners argued that the Board failed to properly apply *Cruz* and *Avetisyan*—"the relevant caselaw on administrative closure"—to the petitioners' case. A.R. at 17 (bold omitted). Applying this caselaw, the petitioners asserted, their case should be "reconsidered and proceedings administratively closed" because their son is 18 years of age and upon turning 21 will be able to submit a visa petition on their behalf, making them "prima facie eligible for adjustment of status." *Id.* at 19. They also maintained that "application of the *Avetisyan* factors weigh[s] heavily in [the petitioners'] favor" based on their son's anticipated submission of a visa petition on their behalf upon turning 21. *Id.* at 20.

The Board did not abuse its discretion in rejecting this argument. The Board explained that the petitioners raised the argument about their son's "eligibil[ity] to file an immediate relative visa petition on their behalf when he turns 21 years old in approximately 3 years" "for the first time" in their motion for reconsideration. *Id.* at 3. As explained in *Arroyo*, motions for reconsideration cannot be based on newly raised but previously available arguments. 994 F.3d at 912. Further, in accordance

-11-

with *Avetisyan*, the Board noted that the petitioners had no pending applications for relief. A.R. at 4; *cf. Avetisyan*, 25 I. & N. Dec. at 696 ("Considering these factors, it may, for example, be appropriate for an Immigration Judge to administratively close removal proceedings where an alien demonstrates that he or she is the beneficiary of an approved visa petition filed by a lawful permanent resident spouse who is actively pursuing, but has not yet completed, an application for naturalization."). Finally, the Board explained that, consistent with *W-Y-U-*, the Board's July 29, 2021 decision was not erroneous "[g]iven that DHS requested to reinstate proceedings and prosecutorial discretion is a matter within the exclusive jurisdiction of DHS." A.R. at 4.

Second, the petitioners argued in their motion for reconsideration that "[i]f the Board is reinstating its [October 15,] 2013 decision[,] it must reinstate all of it, including the grant of voluntary departure." A.R. at 21 (bold omitted). "Furthermore," they argued, "although the DHS asked that the October 15, 2013 Board decision be 'reinstated' in its motion [to reinstate], it also asked that an order of removal be entered. This is contradictory because no order of removal was ever entered to 'reinstate.'" *Id.* (citation omitted).

The Board rejected the petitioners' request for clarification of the July 29, 2021 decision. It explained that despite its express statement that it was reissuing the October 15, 2013 decision in the July 29, 2021 decision, "a clerical error occurred and the wrong decision was attached to the July 29, 2021, decision." *Id.* at 3 n.1. The Board acknowledged its error but noted that neither party "raised any arguments regarding this clerical error." *Id.* Ultimately, the Board "discern[ed] no error [in its July 29, 2021 decision] warranting reconsideration on this basis" based on the petitioners' "acknowledg[ment] that the October 15, 2013, decision was reissued, which reinstates a period of voluntary departure." *Id.* at 4. But, the Board explained, the petitioners' "filing of the instant motion to reconsider prior to the expiration of the voluntary departure period automatically terminates the grant of voluntary departure." *Id.* at 4 n.2.

-12-

We discern no abuse of discretion. The Board offered a rational explanation for rejecting the petitioners' request for clarification. The Board's July 29, 2021 decision—by the petitioners' own acknowledgment—reissued the October 15, 2013 decision. This decision, in turn, permitted voluntary departure consistent with the IJ's February 9, 2012 decision. Both the Board's October 15, 2013 decision and the IJ's February 9, 2012 decision warned the petitioners of the consequences of filing a motion for reconsideration: automatic termination of voluntary departure and immediate effect of the alternative order of removal. *Id.* at 105, 183. The petitioners chose to move for reconsideration. Their action automatically terminated the voluntary departure that the October 15, 2013 decision authorized.

III. *Conclusion*

Accordingly, we deny the petition for review.

_____

Appellate Case: 22-2379    Page: 13    Date Filed: 07/27/2023 Entry ID: 5300068